## George v. Tabscott, etc.

(Decided October 29, 1920.)

## Appeal from Casey Circuit Court.

1. Animals—Running at Large—Stock Laws.—Kentucky Statutes, section 4646 provides that the voters of a county or of any magisterial or voting district may have submitted at a regular election the question of whether cattle shall be permitted to run at large in said county or district, and that no subsequent order of the court in respect to the territory to be embraced at any election shall have the effect to annul or render void any election held under the statute until after the expiration of four years from the date of said election: Held, that where upon a vote taken in a voting district a majority registered their opposition to stock running at large and this was duly certified to the court, no subsequent election within four years thereafter can vitiate the result of the first election, nor affect any property embraced therein.

2. Animals—Running at Large—Stock Laws.—Where at a regular election in a voting precinct a majority was opposed to stock running at large and thereafter a portion of said district was incorporated in a new precinct in which in a subsequent election a majority voted to allow cattle to run at large, the result of the second election held within a period of four years from the date of the former one did not affect any of the territory formerly embraced in the older precinct.

CHARLES F. MONTGOMERY for appellant.

JAMES DENTON and E. C. WESLEY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

By section 4646 of the Kentucky Statutes provision is made whereby voters of a county or of any magisterial or voting district therein may have submitted at any regular election the question of whether cattle shall be permitted to run at large in such county or district. To the fiscal court is delegated the right to decide whether the election shall be confined to the voting or magisterial districts, or to the entire county. It is further provided that no subsequent order of the court in respect to the territory to be embraced at any election shall have the effect to annul or render void any election held under the provision of said section until after the expiration of four years from the date of such election.

The fiscal court of Casey county, by proper orders, decided that the question should be submitted by voting

precincts or districts. Thereafter, to-wit, at the regular election held November, 1916, there was submitted to the voters of the Big South precinct No. 5 in Casey county, the question as to whether cattle should be permitted to run at large in said district and a majority of those voting in said election voted against the proposition; in other words they were opposed to permitting cattle to run at large. The result of said election was duly certified and entered upon the records of the court.

In June, 1917, by proper court orders, a new voting precinct, known as the Wess precinct, was created in Casey county, and which included a portion of the territory formerly embraced in the Big South precinct. A petition having been presented to take a vote in the newly formed precinct upon the question of permitting cattle to run at large therein, a vote so taken at the November election 1917, resulted in a majority of those voting casting their votes in favor of such permission, all of which was duly certified to and spread upon the records of the Casey county court.

Appellant resides in Wess precinct, his property was not within the confines of Big South precinct, as it originally existed. Being of the opinion that the prohibition was not effective within the limits of the new precinct, he permitted his cattle to run at large in said precinct. Appellee, Tabscott, likewise resides in the new precinct, but in that portion formerly embraced in Big South precinct; his view of the situation was in direct opposition to that held by appellant. In his judgment the effect of the vote in the old precinct prohibited cattle from running at large over any of the territory formerly included therein for a period of four years from the November election 1916. Tabscott sued for damages alleged to have been sustained because of appellant's violation of the statute aforesaid, and had four warrants issued against appellant charging violations of the said law. In a petition setting forth the forgeoing facts and further that Tabscott was threatening to have other warrants issued, and that he. (appellant) had already been fined $5.00 on one of said warrants, appellant instituted this suit seeking to enjoin appellees from issuing further warrants, or from causing same to be issued, or from collecting any judgment. theretofore entered, or from prosecuting any pending suit, or filing further suits for alleged violations aforesaid. To this petition appellee Taylor, county judge of Casey county, was made a party, he being Tabscott's

uncle; the proceedings on the warrants were set for hearing before appellee Cochran, justice of the peace. The lower court sustained a demurrer to the petition and it was dismissed, to reverse which ruling this appeal has been taken.

Appellee brings in question the right of appellant to seek injunctive relief, but the case was not briefed on this point, nor do we find it necessary to discuss it, satisfied as we are that the court did not err in sustaining the demurrer to the petition.

The statute, *supra*, expressly provides that after an election is held and a vote taken upon the question of the enforcement of the stock law that no subsequent order of court in respect to the territory shall have the effect to annul or render void such election until after the expiration of four years thereafter.

Language could not be much plainer. When the voters in Big South precinct in 1916 voted to enforce the law, the court and voters were without power thereafter within the space of four years to vitiate the action so taken. It matters not that Wess was a newly created precinct; it included a portion of the territory in what was formerly Big South precinct, in which a vote had been previously taken, and as to this part of the new precinct the law was in effect and appellant was without right or authority to let his cattle run at large therein. County officials must abide by the result of that election; they can not by any subsequent order within four years modify it.

The petition did not state a cause of action; the demurrer was properly sustained.

Judgment affirmed.